UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CALVIN DEVONE BILLINGSLEY,**

    **Plaintiff,**

v.     Case No: 6:17-cv-1699-Orl-CEMPRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). After a review of the record, the memoranda, and the applicable law, the Commissioner's decision is due to be affirmed.

**I.   BACKGROUND**

Plaintiff filed an application for SSI and DBI benefits, alleging disability beginning August 22, 2013. (Tr. 10, 190–200). The claim was later amended to reflect a closed period of disability from September 4, 2013 through June 30, 2015 as Plaintiff returned to work in the third quarter of 2015. (Tr. 10, 60). The claim was denied initially and upon reconsideration. (Tr. 136–52). At Plaintiff's request, a hearing was held on October 28, 2016, where both Plaintiff and an impartial vocational expert (VE) testified. The Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 10–20). Plaintiff's request for review was

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

denied by the Appeals Council (Tr. 1), and Plaintiff initiated this action. (Doc. 1). Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; right shoulder degenerative joint disease, status-post arthroscopic surgery; right knee osteoarthritic; and glaucoma. (Tr. 13).

The ALJ found that the Plaintiff had the "residual functional capacity to perform no greater than sedentary work." (Tr. 15). The ALJ found that Plaintiff "would not have been able to climb ladders, ropes, or scaffolds and would be limited to performing all other postural activities on an occasional basis (climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling); and could have frequently pushed, pulled, and reached overhead with the left upper extremity and could have occasionally reached overhead and pushed and pulled with the right, dominant extremity." (Tr. 15).

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as order clerk, telephone solicitor, and check cashier. (Tr. 19). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.    STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR

§§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

### III. DISCUSSION

Plaintiff raises two arguments on appeal: (1) the ALJ failed to properly consider the opinion of non-examining state agency physician Dr. Charles Moore; and (2) that the ALJ's hypothetical question posed to the VE failed to account for all of Plaintiff's limitations.

### A. The ALJ properly considered the opinion of non-examining state agency physician Dr. Moore.

Plaintiff argues that the ALJ erred by purporting to give "significant weight" to the opinion of Dr. Moore but then disregarding Dr. Moore's finding that Plaintiff was limited to no more than frequent reaching on his right side in all directions. Plaintiff argues that the ALJ failed to provide an explanation for not including this specific limitation in his RFC.

A claimant's RFC is the most that a claimant can do despite physical and mental limitations resulting from impairments. 20 C.F.R. § 404.1545. The ALJ will consider all relevant medical and other evidence in the case in determining the claimant's RFC. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). Yet, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). In determining the weight to be given a medical opinion, the regulations establish a set of factors to consider. 20 C.F.R. § 404.1527(c). Those factors are (1) whether the source examined the claimant; (2) whether the source treated the claimant over a time period; (3) how well the source's opinion is supported by evidence; (4) the consistency between the opinion and the record as a whole; (5) the specialization of the source; and (6) any other factor brought to the ALJ's attention. *Id.* The ultimate determination of whether the claimant is disabled, however, is reserved for the Commissioner. *Id.* § 404.1527(d)(1).

Dr. Moore opined that Plaintiff had the ability to perform light work, defined as lifting up to twenty pounds occasional and ten pounds frequently. (Tr. 116–17). *See* 20 C.F.R. § 404.1567. Dr. Moore also opined that Plaintiff is limited, on his right side, to no more than frequently reaching in any direction, including reaching overhead, due to Plaintiff's degenerative joint disease. (Tr. 118, 130).

Plaintiff's RFC limits Plaintiffs to occasionally reaching overhead (a more restrictive limitation than frequent reaching), but it does not contain a limitation as to reaching in all other directions on the right side. Plaintiff argues the ALJ failed to fully explain his reasoning in not adopting the limitation as to reaching in all directions. *See Winschel*, 631 F.3d at 1179 (explaining that an ALJ may disregard an opinion if she "clearly articulate[s] the reasons for doing so") (quoting *Phillips*, 357 F.3d at 1241).

As an initial matter, it is unclear that Dr. Moore's opinion actually suggests greater limitations than the ALJ found given that Dr. Moore opined that Plaintiff had the capacity to reach frequently in all directions while the ALJ limited Plaintiff to no more than occasionally reaching overhead albeit without additional reaching limitations in other directions.

Assuming that there is a conflict between the two opinions, however, it is well-established that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision enables the district court to conclude that the ALJ considered the claimant's medical condition as a whole." *Adams v. Comm'r of Soc. Sec.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quoting *Dyer*, 395 F.3d at 1211). In *Adams*, the Eleventh Circuit explained that an ALJ does not err by failing to address specific limitations within an opinion where the ALJ's decision made it clear that the ALJ considered the opinion as a whole. *Id.* at 534. In addition, the ALJ is not limited to a single medical opinion in determining Plaintiff's RFC but,

rather, "considers all the relevant evidence in making an RFC assessment." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 905 (11th Cir. 2013).

In finding that Plaintiff's degenerative joint disease in his right should did not cause greater limitations than those in his RFC, the ALJ noted that Plaintiff underwent arthroscopic surgery on his right shoulder in May 2012 and went to the emergency room in for shoulder pain in September 2013. At that time, however, Plaintiff "had a full range of motion in his right shoulder." (Tr. 16, 306). In February 2014, x-rays of Plaintiff's shoulder showed "mild" degeneration and some inflammation. (Tr. 16, 329, 728–29). More recent x-rays from April 2015 showed "mild to moderate" degenerative joint disease. (Tr. 16, 806). At the hearing, Plaintiff testified that he was able to drive regularly. (Tr. 65–66).

The ALJ explained that his determination of Plaintiff's RFC was "supported by the overall evidence of record, the opinions of the State agency consultant [Dr. Moore], and the claimant's ability to drive 3 times a week during the relevant period, and his report that tramadol and naproxen provided some relief from his pain." (Tr. 18). It is clear from the ALJ's discussion of Dr. Moore's opinion that the ALJ considered the opinion as a whole along with the other evidence in determining Plaintiff's RFC.

Plaintiff relies on *Monte v. Astrue*, No. 5:08-cv-101, 2009 WL 210720 (M.D. Fla. Jan. 28, 2009) where the court reversed the ALJ's decision for failing to explain his reason for disregarding limitations in a medical opinion otherwise given significant weigh. Yet, in *Monte*, the ALJ's decision was "silent with regard to whether [the three limitations at issue] were considered in evaluating Plaintiff's RFC and the rationale for declining to include those limitations in Plaintiff's RFC." 2009 WL 210720, at *6. Here, however, the ALJ's decision discusses Dr. Moore's opinion,

explaining the rationale for determining Plaintiff's RFC, along with other the relevant evidence. (Tr. 15–18).

In sum, Plaintiff has not met his burden to show error in the ALJ's decision given that the ALJ's order discussed the relevant medical evidence, including the opinion of Dr. Moore, and determined Plaintiff's RFC based on that evidence.[2]

**B.     The ALJ did not err in relying on a hypothetical question that included all of the limitations in Plaintiff's RFC.**

An ALJ may rely on the VE's testimony provided that the hypothetical questions posed to the VE "comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). While the hypothetical question must include all of the claimant's limitations, an ALJ is not required to include findings in the hypothetical that are not supported by the record. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Plaintiff argues that the ALJ's hypothetical is not substantial evidence because the ALJ's assessment of Plaintiff's RFC did not account adequately for all of Plaintiff's limitations. *See Grimes v. Comm'r of Soc. Sec.*, No. 6:11-cv-568, 2012 WL 3244541, at *12 (M.D. Fla. June 18, 2012) ("Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence."). Plaintiff has not put forward any independent reasons for taking issues with the ALJ's hypothetical question; instead, he relies on the reasons put forward in

---

[2] Alternatively, the Commissioner argues that even if the ALJ erred in not including a limitation related to reaching in all direction, the error would be harmless because Plaintiff could still perform the job of telephone solicitor which requires only occasional reaching. (Doc. 21, p. 8–9). DOT No. 299.357-014, 1991 WL 672624. According to the VE, there are approximately 371,000 telephone solicitors in the national economy. (Tr. 80). It appears that the Commissioner is correct and that any error would be harmless here. *See Timmons*, 522 F. App'x at 906 (finding harmless error where none of the jobs the ALJ found the claimant could perform were eliminated by the missing limitation); *see also Atha v. Comm'r of Soc. Sec.*, 616 F. App'x 931, 934–35 (11th Cir. 2015) (holding 23,800 jobs nationally was significant).

his first issue. As discussed above, the RFC accurately reflects all of Plaintiff's limitations. The hypothetical question posed to the VE included all of the limitation identified in Plaintiff's RFC. Accordingly, I recommend that the ALJ's decision be affirmed on the second issue as well.

**IV.    RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be **affirmed** under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on January 17, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties